UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

SEAN TAPP, 02-A-2634,

           Plaintiff,

       -v-

T. STANLEY, Chaplin,

           Defendant.

_____

DECISION AND ORDER
04-CV-6400CJS(Fe)

     Now before the Court is an application [#12] by the *pro se* plaintiff, a prison inmate, entitled "Notice of Motion of Objection." For the reasons discussed below, the application is denied and plaintiff is warned to refrain from filing further frivolous applications.

     Plaintiff commenced this action on August 25, 2004. However, while plaintiff sought permission to proceed *in forma pauperis*, he failed to file the required prison certification form. The Court therefore had to instruct plaintiff as to the correct procedure for obtaining *in forma pauperis* status. Once plaintiff complied with the Court's directions, the Court reviewed plaintiff's complaint, pursuant to 28 U.S.C. § § 1915(e) & 1915A, and found that it was deficient and subject to dismissal. Nonetheless, the Court permitted plaintiff to amend the complaint to cure the deficiencies. Plaintiff filed a proposed amended complaint on February 1, 2005. After reviewing the proposed complaint, the Court ordered service on the defendant. Issue was joined on March 28, 2005. Thereafter, a period of five months passed where there was no activity in the case. Although the Clerk of the Court generally prepares a referral order to the Magistrate Judge for the Court's signature once issue is joined, that did not occur in this case. Nonetheless, during that five months, neither party alerted the Court to any delay or requested any intervention by the Court. In

September 2005, the undersigned became aware of the need for a referral order, and referred the case to the Honorable Jonathan W. Feldman, United States Magistrate Judge, for all pretrial matters.

On January 20, 2006, plaintiff filed the subject application, complaining about the Court's decision to refer the matter to Judge Feldman for pretrial matters, and accusing the undersigned of bias and of attempting to delay a trial of this matter.  In a rambling diatribe, he accuses the Court and Judge Feldman of various nefarious activities, including "civil rights crimes", "constitutional violations," and "criminal syndicalism" [sic].  Among other things, plaintiff apparently believes that he had the right to proceed to a jury trial within ten days, which of course would not allow defendant to engage in any pretrial discovery.  Now he requests that a "three judge panel" preside over his case.  In short, there is no good faith factual or legal basis for plaintiff's application.

Plaintiff's application [#12] is patently frivolous and is denied.  Plaintiff is warned that if he continues to proceed in this manner, he will face sanctions, up to and including the dismissal of this action.

SO ORDERED.

Dated:   January 31, 2006
            Rochester, New York

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge